# ATTACHMENT 1

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

NATHAN YOUNG,                        )
                                     )
            Plaintiff,               )
                                     )        Case No. 2016 CA 003301 B
v.                                   )
                                     )        Judge Steven M. Wellner
DISTRICT OF COLUMBIA, *et al*.       )
                                     )        Next Event:    Initial Conference
            Defendants.              )        May 4, 2016 at 9:30 a.m.
                                     )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

United States District Court for the District of Columbia on June 3, 2016, pursuant to 28 U.S.C.

§§ 1441 and 1446.  Therefore, this Court "shall proceed no further unless and until the case is

remanded" back to this Court by the United States District Court for the District of Columbia.  *See*

28 U.S.C. § 1446(d).   A copy of the Notice of Removal is attached.

Dated: June 3, 2016                          Respectfully Submitted,
                                             KARL A. RACINE
                                             Attorney General for the District of Columbia

                                             GEORGE C. VALENTINE
                                             Deputy Attorney General, Civil Litigation Division


                                             */s/ Patricia A. Oxendine/kdf*_____
                                             PATRICIA A. OXENDINE
                                             D.C. Bar No. 428132
                                             Chief, Civil Litigation Division, Section I

1

*/s/ Charles J. Coughlin*
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
CHARLES J. COUGHLIN
D.C. Bar No. 1016993
Assistant Attorneys General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6600; (202) 724-6608; (202) 727-6295
Fax: (202) 715-8924; (202) 730-1887
Email: kerslyn.featherstone@dc.gov;
charles.coughlin@dc.gov

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2016, the foregoing Notice of Removal was

served electronically or otherwise, to:

William Claiborne
2020 Pennsylvania Ave, NW #395
Washington, DC 20006
*Counsel for Plaintiff*


*/s/ Charles J. Coughlin*
CHARLES J. COUGHLIN
Assistant Attorney General

2

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH

### INFORMATION SHEET

NATHAN YOUNG _____    Case Number: _____

vs    Date ████████ 5/2/16 _____

Government of the District of Columbia _____    ☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>William Claiborne | **Relationship to Lawsuit** |
| Firm Name:<br>ClaiborneLaw | ☒ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.:<br>202-824-0700              446579 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury

Demand: $ $500,000 _____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar#:_____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

### A. CONTRACTS                    COLLECTION CASES

| | | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property | Over $25,000 Pltf. Grants Consent | Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees | Under $25,000 Pltf. Grants Consent | Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration | |
| | Award (Collection Cases Only) | |

### B. PROPERTY TORTS

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

### C. PERSONAL TORTS

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander | ☐ 18 Wrongful Death (Not Malpractice) |
| ☒ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 22 Toxic/Mass Torts |
| ☒ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, Not Malpractice) | ☐ 23 Tobacco |
| ☐ 08 Fraud | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE    IF USED

CV-496/June 2015

# Information Sheet, Continued

---

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

---

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

---

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

---

/s/ William Claiborne

Attorney's Signature

5/2/16

Date

CV-496/ June 2015

Filed
D.C. Superior Court
05/03/2016 17:23PM
Clerk of the Court

## SUPERIOR COURT OF
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN YOUNG<br>5905 Shepard Lane<br>Lanham, MD 20706<br><br>Plaintiff,<br><br>    v.<br><br>GOVERNMENT OF THE DISTRICT OF<br>COLUMBIA<br><br>SERVE: Mayor Vincent Grey<br>Designee:  Darlene Fields<br>441 4ᵗʰ street NW<br>Suite 600 South<br>Washington, D.C. 20001<br>202-724-6507<br><br><br>SERVE: Karl Racine, Attorney General<br>Designee: Darlene Fields or Tonia Robinson<br>or Gale Rivers<br>Attorney General for the District of Columbia<br>441 4th Street, N.W., 6th Floor South<br>Washington, D.C. 20001<br>202-724-6295<br><br>and<br><br>FREDERICK ONOJA<br>1805 Bladensburg Road, NE<br>Washington, DC 20002<br><br>Defendants. | Civil Action No: |

## COMPLAINT

## COMPLAINT FOR MONEY DAMAGES WITH JURY DEMAND

1.      This is an action for a judgment for money damages for assault and false arrest under the common law of the District of Columbia and unreasonable arrest and excessive force under Section 1983 brought by plaintiff Nathan Young against defendants the Government of the District of Columbia (hereinafter the "District of Columbia" or the "District") and Frederick Onoja, an officer of the District of Columbia Metropolitan Police Department ("MPD").

## PARTIES

2.      Plaintiff Mr. Young is an adult and a longtime resident of the District of Columbia area.

3.      Defendant government of the District of Columbia is a municipal corporation capable of being sued under D.C. Code § 1-102.

4.      Defendant Frederick Onoja is an employee of the District of Columbia and a member of the MPD.

5.      At all times defendant Frederick Onoja was acting within the scope of his employment and defendant Frederick Onoja was acting pursuant to a policy of the District of Columbia.

6.      For purposes of § 1983 this complaint names defendant Frederick Onoja in his individual capacity.

## FACTUAL ALLEGATIONS

## INTRODUCTION

7.      On about September 2, 2015 at about 10:30 pm in front of Stanton, a neighborhood convenience store, at 1044 Bladensburg Road, N.E. in Washington, DC, Defendant Onoja without provocation beat

Mr. Young and tackled Mr. Young and threw him to the ground and put his knee in his back and continued to beat and thereby injure Mr. Young physically, mentally, and emotionally.

8.      There was no provocation for the beating and there was no need for force at all.

9.      Mr. Young did not resist.

10.     Then, defendant Onoja falsely arrested Mr. Young on trumped up charges.

11.     There was no probable cause to support the arrest for any offense.

### Defendant Onoja is an open and notorious violator of civil rights.

12.     Defendant Onoja is an open and notorious violator of civil rights of the people in the District of Columbia whom he polices.

13.      On numerous occasions defendant Onoja has arrested and pressed trumped up charges against young black men and other people without probable cause.

14.      On numerous occasions defendant Onoja has harassed and even arrested people, especially young black men, without probable cause for alleged violations of the District's incommoding statute. D.C. Code § 22-1307(a).

15.     The incommoding statute purports to criminalize conduct when it results in "crowding, obstructing, or incommoding" the sidewalk or entrances to public or private buildings, and the person refuses to move on when so ordered. D.C. Code § 22-1307(a).

16.     Defendant Onoja used the statute to clear the sidewalks in his patrol area of young black men who have done nothing wrong.

17.    In late 2014 or early 2015 the District stopped enforcing the incommoding statute because it is unconstitutional.

18.    Officer Onoja then began using the "POCA" statute as his pretext for making false arrests. D.C. Code § 25-1001(a).

19.    Officer Onoja makes most of his arrests on a ¼ mile strip of Bladensburg Rd NE, Washington, DC 20002 starting from the intersection of H Street, NE and Bladensburg Rd, NE.

20.    This area has been a hot bed of gentrification in the last ten years.

21.    It appears that Officer Onoja is motivated at least in part in assisting developers wishing to exclude long-time residents from the area.

22.    This arrest and beating grew out of Defendant Onoja's unconstitutional attempts to make Mr. Young leave an area where Defendant Onoja did not want him to be.

### The MPD has not meaningfully disciplined Defendant Onoja.

23.    The MPD has not disciplined Defendant Onoja by placing him into non-contact status.

24.    Nor has the District meaningfully disciplined Defendant Onoja in any other way.

### The District has ratified Defendant Onoja's conduct in this incident and in the incidents described above by not disciplining him.

25.    The District has ratified Defendant Onoja's conduct in this incident and in the incidents described above by not disciplining him.

26. He is still in the field making arrests, operating without any decent restraint, totally beyond the pale of any acceptable police behavior.

### Claim 1 – Common law assault claim against individual defendant Onoja

27. Mr. Young adopts by reference the preceding paragraphs as if fully set forth herein.

28. Defendant Onoja tackled Mr. Young threw him on the ground and put his knee into Mr. Young's back and beat him and thereby injured him physically, mentally, and emotionally.

29. The assault of Mr. Young was against his will and was not lawful or justified.

30. As a direct and proximate result of this assault, Mr. Young suffered loss of liberty and physical injuries and emotional distress.

### Claim 2 – Common law assault claim against District of Columbia

31. Mr. Young incorporates herein the preceding paragraphs.

32. The District is liable in **respondeat superior** for the conduct of defendant Onoja in assaulting Mr. Young against his will and without justification.

33. At all relevant times its agents, its officers named above, were acting within the scope of their employment pursuant to an official policy or practice of the Mayor and the City Council.

34. As a direct and proximate result of this assault, Mr. Young suffered loss of liberty and physical injuries and emotional distress.

**Count 3 – 42 U.S.C. § 1983; Fourth Amendment claim against defendant Onoja for unreasonable force**

35.    Mr. Young adopts by reference the preceding paragraphs as if fully set forth herein.

36.    Defendant Onoja assaulted Mr. Young and used force against him when no force was justified in violation of his Constitutional rights under the Fourth Amendment.

37.    The use of force against Mr. Young was against his will and was not lawful or justified.

38.    Defendant Onoja was not justified in tackling Mr. Young and throwing him to the ground and putting his knee into Mr. Young's back and continuing to beat Mr. Young because he did not resist.

39.    In tackling Mr. Young and throwing him to the ground and putting his knee into Mr. Young's back and continuing to beat Mr. Young, Defendant Onoja acted intentionally or maliciously, unjustifiably, and unreasonably in violation of Mr. Young's well-established right under the Fourth Amendment to the United States Constitution to be free from excessive force.

40.    As a direct and proximate result of this assault, Mr. Young suffered loss of liberty and physical injuries and emotional distress.

**Claim 4 – Common law false arrest against individual officer defendant Onoja**

41.    Mr. Young adopts by reference the preceding paragraphs as if fully set forth herein.

42.    Defendant Onoja arrested Mr. Young for POCA and took him to the station where he was photographed and finger printed.

43.    The arrest of Mr. Young was against his will and was not lawful or justified and was not supported by probable cause.

44.     Officer Onoja did not see Mr. Young in possession of an open container of alcohol in public.

45.     As a direct and proximate result of this arrest, Mr. Young suffered loss of liberty and physical injuries and emotional distress.

### Claim 5 – Common law false arrest against District of Columbia

46.     Mr. Young incorporates herein the preceding paragraphs.

47.     The District is liable in respondeat superior for the conduct of defendant Onoja in falsely arresting Mr. Young against his will and without justification.

48.     At all relevant times its agents, its officers named above, were acting within the scope of their employment pursuant to an official policy or practice of the Mayor and the City Council.

49.     As a direct and proximate result of this arrest, Mr. Young suffered loss of liberty and physical injuries and emotional distress.

### Count 6 – 42 U.S.C. § 1983; Fourth Amendment claim against defendant Onoja for false arrest

50.     Mr. Young adopts by reference the preceding paragraphs as if fully set forth herein.

51.     Defendant Onoja arrested Mr. Young without probable cause in violation of his Constitutional rights under the Fourth Amendment.

52.     The arrest of Mr. Young was against his will and was not lawful or justified.

53.     As a direct and proximate result of this arrest, Mr. Young suffered loss of liberty and physical injuries and emotional distress.

**Count 7 – 42 U.S.C. § 1983; Municipal liability claim against defendant District of Columbia**

54.    Mr. Young adopts by reference the preceding paragraphs as if fully set forth herein.

55.    The District has a custom or practice of failing to discipline defendant Onoja which can be inferred from evidence of repeated constitutional violations for which defendant Onoja was not discharged or reprimanded

56.    Moreover, by keeping defendant Onoja in the field with knowledge of his unconstitutional conduct without disciplining him the District has ratified his conduct.

57.    The District's custom and ratification was the moving force behind Mr. Young's suffering loss of liberty and physical injuries and emotional distress.

### RELIEF DEMANDED

Mr. Young respectfully requests that this Court grant him the following relief:

A.    Enter a judgment in favor of plaintiff in the amount of $500,000.

B.    Enter a judgment awarding plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988; and

C.    Grant such other relief as this Court deems just and proper.

| | |
|---|---|
| Respectfully submitted,<br><br>/s/ William Claiborne<br>**WILLIAM CLAIBORNE**<br>D.C. Bar # 446579<br><br>Counsel for Mr. Young | |

| 2020 Pennsylvania Ave, NW<br>#395<br>Washington, DC  20006<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | |

## JURY DEMAND

Plaintiffs demand a jury of six as to all claims so triable.


/s/William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for Plaintiff



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

NATHAN YOUNG
    Vs.                                     C.A. No.     2016 CA 003301 B
GOVERNMENT OF THE DISTRICT OF COLUMBIA et al
### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once,** with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge STEVEN M WELLNER
Date:  May 4, 2016
Initial Conference: 9:30 am, Friday, August 05, 2016
Location:  Courtroom B-52
          510 4th Street, NW

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc