UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN YOUNG,<br><br>Plaintiffs<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil Action No: 16-1046 (TFH) |

**PLAINTIFF'S OPPOSITION TO DISTRICT OF COLUMBIA'S MOTION TO COMPEL MEDICAL RECORDS AND SIGNED MEDICAL RELEASE AUTHORIZATIONS**

Defendant's motion should be denied as moot as to the records pertaining to the incident because Plaintiff's counsel have ordered the records and Defendants know it. Counsel for the District did not certify in their motion pursuant to F.R.C.P. 37(d)(1)(B) that they have in **good faith** conferred with Plaintiff's counsel in an effort to obtain the response without court action, and in fact they have not done so.

Defendant's motion should be denied as to the signed medical release authorizations because the request is not substantially justified. A request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure cannot be utilized as a vehicle by which to compel a party to sign an authorization for the release of medical records. Klugel v. Clough, 252 F.R.D. 53, 55 (D.D.C. 2008).

_____

On September 2, 2015 Defendant Officer Onoja threw an unresisting Mr. Young on the ground without provocation and knelt on his back while pulling up an the handcuffs. Complaint, [1-1].

Mr. Young suffered non-permanent physical injuries and he also suffered what the courts call "garden variety" emotional distress and pain and suffering. He is not claiming permanent injury of any kind. Complaint, [1-1]. Nor is Mr. Young seeking specialized emotional or psychological damages. *Id.* Nor did Mr. Young file a claim for intentional infliction of emotional distress. *Id.*

Plaintiff's counsel have learnt that Mr. Young did make a single visit the day after the incident (September 3, 2015; the date of the incident was September 2, 2015) to the hospital because of wrist and shoulder pain because of the incident. He never sought any psychological treatment.

**Plaintiff's counsel have ordered the records.** As soon as Plaintiff's counsel learnt that Mr. Young had sought medical treatment in connection with the incident they told opposing counsel they would order the relevant records and they have in fact done so. Plaintiff's counsel expect the records in 7 to ten business days.

**Unexecuted Medical Release Authorizations.** Plaintiff does not have to produce an Unexecuted Medical Release Authorization in response to a document production request. A request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure cannot be utilized as a vehicle by which to compel a party to sign an authorization for the release of medical records. Klugel v. Clough, 252 F.R.D. 53, 55 (D.D.C. 2008).

**Plaintiff does not have to produce his entire medical record in discovery.** By claiming garden variety emotional distress damages and non-permanent physical injury to his wrists and shoulder he put his medical condition into issue only as to those two limited issues.

A waiver of medical privileges is limited to the medical issues related to a plaintiff's claim. Street v. Hedgepath, 607 A.2d 1238, 1246 (D.C. 1992) ("By placing her physical condition in issue through the filing of this lawsuit, plaintiff has waived her privilege against disclosure of relevant medical evidence."). The only relevant medical records for physical injury are the records from the medical visit the day after the incident. Plaintiff's counsel has ordered those records and counsel will produce them when they receive them to the extent they are not otherwise protected.

All other records are still privileged. D.C. Code § 14-307.

A claim for damages for "garden variety" emotional distress not accompanied by a tort action for infliction of emotional distress or claims of a specific mental disorder, have found that the psychotherapist-patient privilege is **not waived** by such claims. Porter v. Pinkerton Gov't Servs., Inc., 304 F.R.D. 24(D.D.C. May 23, 2014), EEOC v. Wal-Mart Stores, Inc., 276 F.R.D. 637 (E.D. Wash. 2011); EEOC v. Nichols Gas & Oil, Inc., 256 F.R.D. 114 (W.D.N.Y. 2009).

Federal courts have used the following five factors to assess whether a plaintiff's claims for emotional distress are "garden variety" or more severe: (1) the presence of a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) a proffer of expert testimony to support a claim of emotional distress; and/or (5) a concession by the plaintiff that his or her mental condition is "in controversy." Porter, 304 F.R.D. 24.

Plaintiff's claim for damages does not meet these criteria. Anyway, Plaintiff does not have responsive records.

Respectfully submitted,

| | |
|---|---|
| /s/William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for Named Plaintiffs<br>2020 Pennsylvania Ave., N.W.<br>#395<br>Washington, DC 20006<br>Phone 202/824-0700<br>Email clairbornelaw@gmail.com | /s/ Bennett Borden<br>BENNETT BORDEN<br>D.C. Bar # 501228<br><br>Counsel for Named Plaintiffs<br>1500 K Street, N.W.,<br>Ste. 1100<br>Washington, DC 20005-1209<br>Phone (202) 842-8800 phone<br>Fax (202) 842-8465 |
| /s/Joseph Scrofano<br>JOSEPH SCROFANO<br>D.C. Bar # 994083<br><br>Scrofano Law P<br> 406 5th Street NW, Suite 100<br>Washington, DC 20001, USA<br>Phone  (202) 870-0889 | |